[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The defendant, Carl LaBianca, has filed a motion to dismiss the complaint filed against him by the plaintiff, Gustavo Vaillant, based on the insufficiency of service of process. The defendant claims that he is no longer a resident of this state and the plaintiff has failed to satisfy the statutory notice requirement for nonresidents, General Statutes § 52-59b.
"Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person." (Emphasis in the original; internal quotation marks omitted.) Bridgeport v. Debek, 210 Conn. 175, 179-80,554 A.2d 728 (1989).
"The motion to dismiss shall be used to assert . . . insufficiency of service of process. This motion shall always be filed with a supporting memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record." Practice Book § 143, now Practice Book (1998 Rev.) § 10-31.
General Statutes § 52-59b(c) states: "Any nonresident individual . . . shall be deemed to have appointed the Secretary of the state as its attorney and to have agreed that any process in any civil action brought against the nonresidential . . . may be served upon the Secretary of the State and shall have the same validity as if served upon the nonresident individual . . . personally. The process shall be served by the officer to whom the same is directed upon the secretary by leaving with or at the office of the secretary, at least twelve days before the return day of such process, a true and attested copy thereof, and by sending to the defendant at his last-known address, by registered or certified mail, postage prepaid, a like true and attested copy with an endorsement thereon of the service upon the secretary." CT Page 4591
The defendant argues that service was not made to the defendant's "last known address." However, no affidavits have been submitted by the defendant to show what was his last known address. Rather, the defendant attaches a copy of an uncertified land record indicating the sale of 6 May Drive, Norwalk, Connecticut, by the defendant to a third party. This is not evidence that the defendant no longer resides at 6 May Drive. And, this is not proof that the defendant's last known address was not 6 May Drive, Norwalk, Connecticut.
The sheriff's return indicates that mail service was made to the defendant's last known address, 6 May Drive. Process was also hand delivered to the secretary of state. The court has nothing before it which would indicate that the plaintiff did not satisfy the statutory notice requirements. Therefore, the defendant's motion to dismiss is denied.
So Ordered.
D'ANDREA, J.